# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2022

Lyle W. Cayce
Clerk

No. 21-60409
Summary Calendar

Alimou Kaba,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 455 913

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alimou Kaba, a native and citizen of Guinea, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) order denying asylum, withholding of removal, and Convention Against Torture (CAT) relief. Because Kaba failed

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60409

to exhaust before the BIA his challenge to the denial of CAT relief, we lack jurisdiction to consider it. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Kaba does not challenge in this court the denial of his motion to remand based upon a new translation of his girlfriend's statement and has therefore abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We consider Kaba's arguments challenging the BIA's adverse credibility determination and its denials of asylum and withholding of removal under the substantial evidence standard. *See Arulnanthy v. Garland*, 17 F.4th 586, 593 (5th Cir.2021); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA's credibility determination, based upon discrepancies between Kaba's testimony and his girlfriend's statement, is supported by "specific and cogent reasons derived from the record," and Kaba fails to show that, under the totality of the circumstances, a "reasonable adjudicator would be compelled to conclude to the contrary." *Arulnanthy*, 17 F.4th at 593 (internal quotation marks and citations omitted). The adverse credibility determination sufficiently supports the denial of asylum. *See id.* at 595-97. Because Kaba is not entitled to asylum, his arguments that he was entitled to withholding of removal necessarily fail. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). We do not reach the BIA's additional determination, which Kaba does not meaningfully challenge, that there is no pattern or practice of persecuting Christians in Guinea. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Soadjede*, 324 F.3d at 833.

The petition for review is DENIED in part and DISMISSED in part.